# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN BRANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10-CV-1704-TCM |
| | ) |
| UNKNOWN WHITE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jonathan Brannon (registration no. 1002387) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $.30. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of

truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Complaint**

Plaintiff, an inmate at the Farmington Correctional Center, seeks monetary and injunctive relief in this action brought pursuant to 42 U.S.C. § 1983. Named as defendants are the DOC and correctional officers Unknown White and Unknown Ames.

Plaintiff alleges that defendant White violated his Eighth Amendment rights by using unnecessary and excessive force. Specifically, plaintiff claims that White

pushed him into a wall, face first, cutting plaintiff's hand on a metal plate. Plaintiff states that as a result of White's actions, plaintiff sustained nerve damage to his hand and has had to undergo medical treatment and physical therapy. Plaintiff's Eighth Amendment claim against Unknown White is sufficient to proceed at this time.

Plaintiff alleges that defendant Unknown Ames verbally abused him, threatened him with physical violence and called him names pertaining to his crime. Plaintiff's allegations as to defendant Ames fail to state a claim under § 1983 and will be dismissed as legally frivolous. See Martin v. Sargent, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually are not actionable under § 1983).

Plaintiff alleges that the DOC "in [its] official capacity has the C.O.'s acting under DOC authority." Plaintiff's claim against defendant DOC is barred by the Eleventh Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978). Moreover, a suit against the Missouri Department of Corrections is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action. Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Last, plaintiff alleges that he was "refused showers for 5 days, clothes for 1 day, and water and toilet paper for 2 days." Plaintiff's allegations relative to the conditions of his confinement will be dismissed as legally frivolous, because they

simply do not rise to the level of a constitutional violation.  See Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995)(for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities and defendants were deliberately indifferent to excessive risk to his health or safety).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's Eighth Amendment claim against Unknown White, the Clerk shall issue process or cause process to be issued on the complaint.  All other claims against this defendant are legally frivolous and are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that, as to defendants Unknown Ames and DOC, the Clerk shall not issue process or cause process to issue upon the complaint,

because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that plaintiff's conditions of confinement claims are **DISMISSED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 15th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE