UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONATHAN BRANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv1704 TCM |
| ) | |
| DALE WHITE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court[1] on the unopposed motion of defendant, Dale White, to dismiss for failure to exhaust necessary administrative remedies or, alternatively, for summary judgment based on that alleged failure. [Doc. 14]

## Background

The relevant allegations in Plaintiff's verified complaint are that White threatened him with physical abuse and pushed him into a wall face first, causing him to cut his hand on a metal plate.[2] (Compl. at 5.) Plaintiff was then confined in the Farmington Correctional Center ("FCC"). (Id. at 1.) Plaintiff further alleges that he presented the issues raised in his complaint, see note 2, supra, in a prisoner grievance. (Id. at 2-3.) Specifically, he filed an Informal Resolution Request ("IRR") and appeal. (Id. at 3.)

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Plaintiff's complaint originally included allegations against defendants Unknown Ames and the Department of Corrections and claims of unconstitutional conditions of confinement. These two defendants and confinement claims were earlier dismissed by the Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

White argues that the claims against him must be dismissed or, alternatively, that he is entitled to summary judgment because Plaintiff did not file an IRR or grievance about the incident at issue and cannot now do so.[3] See 28 U.S.C. § 1997e(a) (mandating that "[n]o action be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted"). In support of his argument, White attaches an affidavit by the FCC Grievance/Litigation Officer averring that the incident occurred on February 11, 2010; Plaintiff was transferred to Northeast Correctional Center ("NECC") twelve days later and remained there until May 25, 2010; and, as of December 6, 2010, Plaintiff had not filed an IRR, grievance, or appeal about the incident. (Def. Ex. B.)

Plaintiff has not responded to the motion, filed on December 10, 2010, nor as he requested an extension of time within which to do so.

**Discussion**

Section 1997e(a) "requires a prisoner to exhaust 'such administrative remedies as are available'" regardless of the type of relief sought. **Booth v. Churner**, 532 U.S. 731, 733-34 (2001) (quoting § 1997e(a)); accord **King v. Iowa Dep't of Corrs.**, 598 F.3d 1051, 1052 (8th Cir. 2010). This requirement mandates that exhaustion occur "*prior* to the commencement of the action . . . ." **Johnson v. Jones**, 340 F.3d 624, 628 (8th Cir. 2003). Also, this requirement applies to claims, such as the one presented by Plaintiff, for excessive force. See **Foulk v. Charrier**, 262 F.3d 687, 695 (8th Cir. 2001).

---

[3]White attaches to his motion the Missouri Department of Corrections grievance procedure. The adequacy of that procedure is not at issue.

Failure to exhaust administrative remedies "requires immediate dismissal of all [§1983] claims brought by [prisoners] with respect to prison conditions," **Gibson v. Weber**, 431 F.3d 339, 341 (8th Cir. 2005), if the affirmative defense has been pled and proved by the defendant, **Lenz v. Wade**, 490 F.3d 991, 993 n.2 (8th Cir. 2007); **Foulk**, 262 F.3d at 697. A failure to exhaust administrative remedies may be excused, however, if "officials have prevented prisoners from utilizing the procedures or when officials themselves have failed to comply with the grievance procedure." **Gibson**, 431 F.3d at 341 (internal citations omitted).

White has shown that Plaintiff has not exhausted available administrative remedies for his allegation of excessive force. Although Plaintiff alleged in his verified complaint that he had pursued the prison's grievance procedure, he did not clarify if he had pursued that procedure for one, two, or all three of the claims when presented with White's argument that he had not pursued his claim against White. And, there is no allegation that Plaintiff was impeded in his employment of the grievance procedure. Cf. **Miller v. Norris**, 247 F.3d 736, 740 (8th Cir. 2001) (holding that inmate was prevented from exhausting administrative remedies when prison officials failed to respond to his requests for grievance forms). Nor did his transfer to NECC within the fifteen calendar days for filing an IRR, see Defendant's Exhibit A at 8, prevent him from pursuing his administrative remedies. The Missouri Department of Corrections grievance procedure, see note 3, supra, permits an inmate who has been transferred from one institution to another and who has a complaint about the institution from which he was transferred to bypass the IRR process and file a grievance within fifteen calendar days of the transfer date. (See Def. Ex. A at 12; Hahn v. Armstrong, No. 1:08cv0169 LMB, 2010 WL 575748 at *3 (E.D. Mo. Feb. 11, 2010)). Plaintiff did pursue a grievance

within fifteen days of February 23, 2010, but it was about medical treatment.[4] (See Def. Ex. B at 2.)

Plaintiff having failed to exhaust the required administrative remedies for his claim against White, the motion for summary judgment will be granted.[5]

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Dale White to dismiss for failure to exhaust necessary administrative remedies or, alternatively, for summary judgment is **GRANTED**. [Doc. 14]

**IT IS FURTHER ORDERED** that the motion of Dale White to stay the deadline for summary judgment is **DENIED** as moot. [Doc. 19]

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of June, 2011.

---

[4] It is not clear from the record whether the grievance related to medical treatment at FCC or NECC.

[5] The Court notes that White phrased his pending motion as one to dismiss or, alternatively, one for summary judgment. Consequently, Plaintiff had an adequate opportunity to respond to the motion, the material facts outlined in that motion, and the exhibits attached thereto. See **Van Zee v. Hanson**, 630 F.3d 1126, 1129 (8th Cir. 2011).